**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____
MICHAEL P. O'NEILL                        :
                                          :
                  Plaintiff,              :          **Hon. Joseph H. Rodriguez**
                                          :
            v.                            :          Civil Action No. 12-847
                                          :
CITIMORTGAGE, INC., et al.                :
                                          :          **O P I N I O N**
                  Defendants.             :
_____          :

 

     This matter was originally filed in the Superior Court of New Jersey, Burlington County.  Co-Defendant CitiMortgage ("CMI") removed the action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

     Presently before the Court is the Motion to Remand of Plaintiff Michael O'Neill ("Plaintiff") filed on April 13, 2012 [Dkt. No. 9] , 2012, based on lack of federal subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).  Plaintiff claims that diversity jurisdiction pursuant to 28 U.S.C. § 1332 is lacking because Defendant Mortgage Access Corporation d/b/a Weichert Financial Services ("Weichert")  is not diverse from Plaintiff.  Also before the Court is Defendant Weichert's Cross Motion [11] to Dismiss for Fraudulent Joinder.[1]  The Court has considered the written submissions of the parties and will determine the motion without oral argument.  See L. Civ. R. 78.   For the reasons stated below, Defendant Weichert's Motion to Dismiss for Fraudulent Joinder will be

_____

[1] Although styled and listed as a motion on the Court's docket, as number 11, the submission refers back to the brief and supporting documents filed as Dkt. No. 10.

denied and Plaintiff's Motion to Remand will be granted and the matter will be remanded to the state court.

## I. Factual Background

Plaintiff alleges that Defendants CMI and Weichert are liable for failing to pay the homeowner's insurance premium of Plaintiff's assignor, Melissa Gilfillan ("Gilfillan").

On December 22, 2005, Plaintiff was involved in an automobile accident caused by an intoxicated minor.  Compl. at ¶ ¶ 8-9.  On November 27, 2007, Plaintiff filed suit against the driver for damages arising out of the accident.  Id. at ¶ 11.  After evidence came to light that the minor had been provided alcohol at Gilfillan's home, Plaintiff amended the Complaint to assert claims against Gilfillan.  Id. at ¶ 12.

At the time of the accident, Gilfillan believed she had a homeowner's insurance policy with liability coverage from First Trenton Indemnity/Travelers of New Jersey. Gilfillan claims that she did not discover that her policy had been canceled until she was denied coverage after she notified her insurance carrier of Plaintiff's lawsuit.  Id. at ¶ 23.

Before trial began, Plaintiff and Gilfillan negotiated a settlement which included Gilfillan assigning to Plaintiff any claim she had against any entity responsible for her lack of insurance coverage.  Id. at ¶ 15.  Based on that assignment, Plaintiff now claims that CMI and Weichert are liable for nonpayment of Gilfillan's homeowner's insurance premiums because Weichert was Plaintiff's mortgagee when Gilfillan's policy was canceled.  Plaintiff also asserts claims against Weichert and CMI for breach of contract, negligence and violation of N.J.S.A. § 17:16F-18.

To support his claims, Plaintiff points to Gilfillan's insurance records which list Weichert as Gilfillan's mortgagee for the 2004-2005 policy period, including the

"Renewal Declaration" sent to Weichert on November 1, 2004 and the "Notice of Cancellation of Homeowner's Policy" sent on September 26, 2005 to support its negligence claim.  Rimol Cert., Ex. D, pp. HILB 17-19.  Plaintiff alleges that Weichert was negligent by not passing on the notices it received to Gilfillan.

Weichert claims that Gilfillan applied for a mortgage with them but states that Gilfillan withdrew her application before a mortgage was issued. Dec. Of Rosemary Lucarelli, Ex. A.  Weichert alleges that the property records support its claim by showing that it was never the mortgagee or holder of Gilfillan's mortgage and that Gilfillan cannot unilaterally create a contractual relationship with them by listing them as her mortgagee on her homeowner's insurance policy.  Weichert argues that it was fraudulently joined to this action because a contractual relationship was never established and Plaintiff's claims lack any colorable basis.  Both CMI and Weichert also argue that Plaintiff's claims should be barred by the statute of limitations.

## II. Standard of Review

The Court must first determine whether it has jurisdiction over this matter. Jurisdiction lies only if Defendant Weichert is fraudulently joined to this action.  If Weichert is not fraudulently joined, then diversity jurisdiction is lacking pursuant to 28 U.S.C. § 1332 and the case must be remanded to the New Jersey Superior Court, Burlington County Vicinage.

### A. Fraudulent Joinder

Joinder is fraudulent if "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment."  Briscoe, 448 F.3d

at 216 (citing Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 32 (3d Cir. 1985)); see also Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111-112 (3d Cir. 1990) (Joinder is fraudulent if the "action against the individual defendants is defective as a matter of law."). "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990) (citing Coker v. Amoco Oil Co., 709 F.2d 1433, 1440-1441 (11th Cir. 1983)).

Defendants must demonstrate that the non-diverse party was fraudulently joined to avoid remand. Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992). Defendants carry a "heavy burden of persuasion" in that showing. Id., (citing Steel Valley Author. v. Union Switch & Signal Div., 809 F.2d 1006, 1012 n. 6 (3d Cir. 1987)). The Court must assume as true all factual allegations of the plaintiff's complaint and resolve any uncertainties in the law in favor of the plaintiff. Batoff, at 852. However, the Court can give limited consideration to reliable evidence proffered by the defendant in support of removal. In re Briscoe, 448 F.3d 201, 220 (3d Cir. 2006).

In considering limited evidence, the Court must not "step[] from the threshold jurisdictional issue into a decision on the merits." Boyer, 913 F.2d 112; see also Batoff, 977 F.2d at 852. The extent to which a court may look beyond the pleadings to determine fraudulent joinder is limited to reliable evidence; evidence that is subject to challenge is insufficient. Brisco, at 448 F.3d at 221. Reliable evidence related to a claim's accrual date and evidence subject to judicial notice can be considered. "Such a limited look outside the pleadings does not risk crossing the line between a proper

-4-

threshold jurisdictional inquiry and an improper decision on the merits." Id.

It is well established in this Circuit that consideration of reliable evidence related to a statute of limitations defense is appropriate where there is an allegation of fraudulent joinder.  "After all, a statute of limitations defense is not a merits-based defense to the plaintiff's case." Id.

### B. Statute of Limitations

The statute of limitations begins to run when a plaintiff's cause of action accrues. Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 (3d Cir. 1994) (citing Cada v. Baxter Healthcare Corp., 920 F.2d 446, 450 (7th Cir. 1990).  "The accrual date is not the date on which the wrong that injures the plaintiff occurs, but the date on which the plaintiff discovers that he or she has been injured." Id.  New Jersey negligence claims have a two-year statute of limitations.  N.J.S.A. § 2A:14-2.  The limitations period for recovery on a contractual claim is six years.  N.J.S.A. § 2A:14-1.

### III. Analysis

Plaintiff's causes of action against defendants are for breach of contract, negligence and violation of N.J.S.A. § 17:16F-18.  On September 26, 2005, Gilfillan's insurance broker sent her a "Notice of Cancellation of Homeowner's Policy" effective October 16, 2005.  However, Gilfillan claimed that she was not aware of the cancellation until after being denied coverage by her insurance carrier on July 25, 2008.  It is unclear from the evidence supplied by Defendant whether the notices of cancellation contained in the insurance declaration were sent to Gilfillan or her insurance agent.  See Rimol Cert., Ex. D., pp. HILB 17-21.  However, there is a letter addressed to Ms. Gilfillan dated November 17, 2005 informing her that the policy ceased as of October 16, 2005.  Id. at

HILB-23.  Following the discovery rule, the accrual date for the statute of limitations is November 17, 2005.

Plaintiff filed this action on November 14, 2011, just under six years after Gilfillan discovered her alleged injury.  Under the applicable statute of limitations, Plaintiff's negligence claim may have expired in November of 2007, but his contractual claims are timely.[2]  Plaintiff's remaining claims against Weichert are dependant upon Weichert being the mortgagee or holder of Gilfillan's loan.  Based on the evidence supplied, it does not appear that Gilfillan obtained a loan from Weichert.  Dec. Of Rosemary Lucarelli, Ex. A. (Computer notation that Gilfillan withdrew her application on July 13, 2004).

Plaintiff alleges that Weichert committed a breach of contract by failing to warn Gilfillan that her homeowner's insurance policy would soon expire.  Plaintiff relies on records from Gilfillan's insurance broker which identify Weichert as the mortgagee of Gilfillan's property, but those records do not show the existence of a contractual relationship.  See Rimol Cert., Ex. D. Nevertheless, the Court is confronted with competing evidence and will not endeavor to look much further beyond the pleadings or it will step "from the threshold jurisdictional issue into a decision on the merits."  Boyer, 913 F.2d at 112.

As to whether Plaintiff ultimately prevails on the negligence claim, this Court will not weigh the evidence in this limited jurisdictional review.  The claims as plead and the evidence offered in support of removal do not definitively discount the possibility that

---

[2]Even if, as Plaintiff claims, Gilfillan did not discover her injury until July 25, 2008, when she was denied coverage by her insurance carrier, it appears that the negligence claim may have expired.  The contract claim is be timely under this scenario.

Plaintiff's claims are colorable.  Propriety of removal, as a result, rests on the merits of Plaintiff's claims, consideration of which must be remanded to the state court.

## IV. Conclusion

For the reasons stated above, Defendant Weichert's Motion to Dismiss for Fraudulent Joinder is denied and Plaintiff's Motion to Remand is granted pursuant to 28 U.S.C.§ 1447.  The appropriate order shall issue.

Dated: November 19, 2012

 s/ Joseph H. Rodriguez
**HON. JOSEPH H. RODRIGUEZ,**
United States District Judge